**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAXAMILLIAN EMANUEL JOHNSON, | |
| Appellant | No. 1250 MDA 2014 |

Appeal from the PCRA Order of June 24, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003170-2008

BEFORE:  BENDER, P.J.E., OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 27, 2015**

Appellant, Maxamillian Emanuel Johnson, appeals from the order entered on June 24, 2014, dismissing his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 9, 2009, Appellant entered a negotiated guilty plea to robbery, criminal conspiracy, and theft by unlawful taking.[1]  That same day, the trial court sentenced Appellant to serve a term of eight to 20 years in prison and to serve a concurrent term of 20 years of probation.  The underlying facts are as follows:

> [In the early morning hours of March 3, 2008, Appellant] and two co-conspirators rushed into a living room with firearms in hand; the three men began to kick and punch the victim[,] causing him to fall to the floor.  During the

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a)(1), and 3921(a), respectively.

attack[,] the three males removed the victim's wallet, car keys, and other personal effects from his pockets. [The] three [men then fled] the scene in the victim's vehicle.

During the subsequent investigation it was discovered that a man by the alias [of "Black"] was a potential suspect in the case. [N.T. PCRA Hearing I, 9/25/12, at 28]. "Black" [was later] identified as Davis R. Smith[,] Jr. . . .

[Mr. Smith] was picked up by [the] Lancaster [City] Police in Philadelphia . . . and brought back [to Lancaster] for questioning. [N.T. PCRA Hearing, II, 9/19/13, at 8]. During questioning[,] Mr. Smith gave a statement both confessing to his role in the robbery, and implicating [Appellant] as one of his co-conspirators. [N.T. PCRA Hearing I, 9/25/12, at 26-28].

Relying on [Mr.] Smith's statement, [Lancaster City Bureau of Police] detectives arranged a photo line-up[, which included Appellant's] photo, for the victim's evaluation. [*Id.* at 27]. Prior to the night of the robbery, the victim had never seen[] nor spoken with [Appellant]. Despite this, the victim was able to [positively] identify [Appellant] as one of the men involved in the robbery. [*Id.*] . . . [The victim also positively identified Appellant at Appellant's preliminary hearing. *Id.*]

During the PCRA hearing[, Appellant's] trial attorney, Barry G. Goldman, Esq. described the victim's identification [testimony of Appellant during the preliminary hearing] as "emphatic." [As Attorney Goldman testified:]

[The victim] was very emphatic in his testimony and in his identification of [Appellant] through the photo array.

. . . [W]hat I was trying to establish was whether there was an independent basis to identify [Appellant] through the course of events. And it was very clear in [the victim's] mind that he had such an independent basis to identify [Appellant]. . . . [The victim] was very, very clear in terms of location of events, the lighting of the rooms, those kinds of things, and how he could positively identify [Appellant].

[*Id.* at 32].

Based on the victim's identification, [Appellant] was charged [with the March 3, 2008 robbery, criminal conspiracy, and theft by unlawful taking]. . . . [*Id.* at 27]. Attorney Goldman was appointed to represent [Appellant] on [the March 3, 2008 charges, as well as on a variety of other charges that arose out of other events and that were listed on separate docket numbers]. [*Id.* at 30]. Attorney Goldman met with [Appellant] on multiple occasions prior to his [November 9, 2009] plea. During those meetings[, Attorney Goldman and Appellant] discussed the evidence [against Appellant (including Mr. Smith's statement to the police, the victim's independent identification of Appellant as one of the robbers, and the victim's preliminary hearing testimony, where the victim again identified Appellant as one of the robbers),] evaluated [Appellant's] options[,] and entertained potential sentencing [scenarios] based on the charges. [*Id.* at 31-32 and 35-36]. . . .

On November 9, [2009, Appellant] entered [] a negotiated [guilty plea before the trial court. During the guilty plea colloquy, Appellant] was appraised of his rights, and the rights he would [lose] by pleading guilty. [Further, during the colloquy,] facts supporting the robbery charge were placed on the record. Following a recitation of the facts[, Appellant] was asked if those facts were indeed "what happened here." [Appellant] replied "Yes, sir." . . .

[On November 9, 2009, Appellant was sentenced in accord[ance with the negotiated plea agreement], to a period of not less than eight nor more than [20] years [in prison, with a concurrent term of 20 years of probation. Appellant did not file a direct appeal from his judgment of sentence].

[On January 28, 2011, Appellant filed a *pro se* PCRA petition. Within Appellant's PCRA petition, Appellant averred that, on December 28, 2011, Appellant] received a photo-copied, handwritten affidavit in the mail. The affidavit had no return address on the envelope, but appeared to be signed by [Appellant's] co-conspirator, [Mr. Smith].

In the affidavit[, Mr.] Smith claim[ed] that his prior statement implicating [Appellant] was a lie. [Mr. Smith claimed] that he was under the influence of drugs when the statement was made[,] that the detectives knew of [(and used)] a sexual relationship between [Appellant] and [Mr.] Smith's girlfriend as leverage against [Mr.] Smith[,] and that [Mr.] Smith [was promised that he] would receive a lighter sentence [if he] implicat[ed] [Appellant in the robbery].

[Within Appellant's PCRA petition, Appellant claimed that Mr. Smith's affidavit constituted after-discovered evidence, which entitled Appellant to post-conviction collateral relief. The PCRA court appointed counsel to represent Appellant and counsel filed an amended PCRA petition on June 5, 2012. Within Appellant's amended PCRA petition, Appellant again claimed that Mr. Smith's affidavit constituted after-discovered evidence and that the evidence supported Appellant's claim that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused [Appellant] to plead guilty and [Appellant] is innocent." Appellant's Amended PCRA Petition, 6/5/12, at 2; 42 Pa.C.S.A. § 9543(a)(2)(iii).]

[On September 25, 2012 and September 19, 2013, the PCRA court held a hearing on Appellant's PCRA petition, where the above-summarized evidence was introduced. Moreover, in preparation for both days of the hearing, the PCRA c]ourt made efforts to locate and subpoena Mr. Smith. Despite best efforts by counsel [and the PCRA] court, Mr. Smith could not be located. Due to his unavailability, a photocopy of what was believed to be Mr. Smith's affidavit was entered into evidence pursuant to [Pennsylvania Rule of Evidence] 804(a)(5). [N.T. PCRA Hearing, II, 9/19/13, at 5].

[Moreover, given the accusations contained in Mr. Smith's affidavit,] the Commonwealth called interviewing officer, Detective [Heather] Halstead, to testify about [the police questioning of Mr.] Smith[]. [*Id.* at 5-16]. During her testimony, Detective Halstead rebutted claims that [Mr. Smith] was under the influence [of drugs] at the time of his statement. [*Id.* at 8-9]. [Indeed, as Detective Halstead testified, Mr.] Smith had spent the previous night

- 4 -

incarcerated in Philadelphia, and was placed in a holding cell for several hours before speaking with the [Lancaster City] detectives. [*Id.* at 9]. [Detective Halstead testified that] at all times during questioning[, Mr.] Smith appeared lucid and coherent, and [that he] showed no signs of being under the influence of narcotics. [*Id.*] [Detective Halstead further testified that] she had no knowledge of any feud between [Mr.] Smith and [Appellant] regarding [Appellant's] relationship with [Mr.] Smith's girlfriend. [*Id.* at 15]. . . . [Finally,] Detective Halstead [testified] that at no time during the interrogation process was [Mr.] Smith promised a lighter sentence for implicating [Appellant]. [*Id.*]

PCRA Court Opinion, 9/5/14, at 2-5 (internal footnotes omitted and some internal capitalization omitted).

By order dated June 24, 2014, the PCRA court denied Appellant post-conviction collateral relief. Appellant filed a timely notice of appeal and Appellant now raises the following claim to this Court:

Whether the [PCRA c]ourt erred in denying post-conviction relief on the basis of an unlawfully induced guilty plea, where the primary witness against Appellant recanted his incriminating statement after the plea?

Appellant's Brief at 4.

As we have stated:

[t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, since Appellant did not file a direct appeal, his judgment of sentence became final on December 10, 2009 – which was 31 days after Appellant was sentenced in open court and the time for filing a direct appeal to this Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until December 10, 2010 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until January 28, 2011, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant has attempted to invoke the "after-discovered facts" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[;]
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

- 7 -

42 Pa.C.S.A. § 9545(b).

The PCRA's after-discovered facts exception permits the filing of a petition outside of the one-year time-bar if the petitioner pleads and proves that the facts upon which the claim is predicated "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has explained that the after-discovered facts exception "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Bennett**, 930 A.2d at 1271 (internal quotations and citation omitted), quoting **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005).

In the case at bar, Appellant averred that he received an affidavit from Mr. Smith on December 28, 2011, in which Mr. Smith declared: that, when he told the Lancaster police that Appellant had participated in the March 3, 2008 robbery, he was not telling the truth; that "[t]he statement [he] made [to the police] was 100% fabricated to insure that [Detective Heather] Halstead of the Lancaster Police Dep[artment] could get [Appellant];" that Detective Halstead "wrote up the whole statement and told [him] to sign it [so that he] would receive a lighter sentence;" that, when he gave the statement to Detective Halstead, he was high on PCP; that he told Detective Halstead that he was high on PCP at the time he made the statement, but

- 8 -

Detective Halstead told him not "to tell [anyone] because she would then take back the deal;" that, at the time he made the statement to the police, he had a personal vendetta against Appellant "because [Appellant] was having sex with [his] girlfriend;" and, that Detective Halstead knew about his vendetta against Appellant and "used [it] to persuade [him] to conspire against [Appellant]." Mr. Smith's Affidavit, dated 12/6/11, at 1. Based upon these "after-discovered facts," Appellant claimed that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused [Appellant] to plead guilty and [Appellant] is innocent." Appellant's Amended PCRA Petition, 6/5/12, at 2; 42 Pa.C.S.A. § 9543(a)(2)(iii).

Setting aside the underlying merits of Appellant's claim, Appellant has properly invoked the "after-discovered facts" exception to the PCRA's one-year time-bar. This is because Appellant pleaded and proved that: 1) the facts upon which the claim is predicated (Mr. Smith's supposed "recantation" of his prior statement to the police) "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" and 2) Appellant raised his "after-discovered facts" claim on January 28, 2011, which was within 60 days of the date that Appellant first became aware of the facts upon which his claim is predicated. *C.f. Commonwealth v. Davis*, 86 A.3d 883, 891 (Pa. Super. 2014) (holding that the PCRA's "after-discovered evidence" exception is satisfied where a witness submits an

affidavit that recants earlier trial testimony); *Commonwealth v. Medina*, 92 A.3d 1210, 1219-1220 (Pa. Super. 2014) (*en banc*) (same). Thus, we have jurisdiction to consider the merits of Appellant's claim. However, we agree with the PCRA court that Appellant's underlying claim is meritless.

In the case at bar, the PCRA court held a two-day hearing on Appellant's claim; the first day of the hearing occurred on September 25, 2012 and the second day of the hearing occurred approximately one year later, on September 19, 2013. As the PCRA court explained, in preparation for the hearing, counsel and the PCRA court "made efforts to locate and subpoena [the affiant,] Mr. Smith." PCRA Court Opinion, 9/5/14, at 4. Yet, "[d]espite best efforts by counsel[ and the PCRA c]ourt, Mr. Smith could not be located" during the entire time that Appellant's PCRA petition remained pending. *Id.*

Nevertheless, during the PCRA hearing, the PCRA court admitted Mr. Smith's affidavit as evidence. N.T. PCRA Hearing, II, 9/19/13, at 5. Further, the PCRA court heard testimony from Appellant, Lancaster City Detective Heather Halstead, and Appellant's trial counsel, Barry Goldman, Esquire. N.T. PCRA Hearing I, 9/25/12, at 3-47. After considering all of this evidence, the PCRA court concluded: 1) that Mr. Smith's affidavit was not credible; and 2) even if Mr. Smith's affidavit were credible, Appellant's guilty plea was not induced by Mr. Smith's statement to the police, as the victim

independently and unequivocally identified Appellant as one of the robbers. PCRA Court Opinion, 9/5/14, at 6-7.

The record thoroughly supports the PCRA court's factual findings and conclusions.

Initially, the record supports the PCRA court's conclusion that the statements contained in Mr. Smith's affidavit were not credible. Certainly, during the PCRA hearing, the PCRA court heard testimony from Detective Halstead. As was summarized above, Detective Halstead refuted almost every single substantive allegation contained in Mr. Smith's affidavit. Specifically, Detective Halstead testified: that Appellant was not (and could not have been) under the influence of drugs at the time of his initial statement to the police; that Mr. Smith freely answered her questions; that she transcribed Mr. Smith's answers and Mr. Smith later reviewed the statements to ensure their accuracy; that she had no knowledge that there was any animosity between Mr. Smith and Appellant; and, that she did not promise Mr. Smith a lighter sentence if Mr. Smith implicated Appellant in the robbery. N.T. PCRA Hearing II, 9/19/13, at 5-15. The PCRA court credited Detective Halstead's testimony. PCRA Court Opinion, 9/5/14, at 6-7. Accordingly, the PCRA court did not believe the statements contained in Mr. Smith's affidavit. *Id.*

The PCRA court's credibility determinations were within its province. Moreover, since the PCRA court credited Detective Halstead's testimony and

since the PCRA court, consequently, determined that the statements contained in Mr. Smith's affidavit were false, the PCRA court properly denied Appellant post-conviction collateral relief. As a result of the PCRA court's credibility determinations, Appellant was unable to prove that his guilty plea was "unlawfully induced" or that he was actually "innocent" of the crimes. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii).

Further, we conclude that the PCRA court was within its discretion to deny Appellant post-conviction collateral relief, based upon the separate ground that Appellant failed to prove that his guilty plea was "induced" by Mr. Smith's police statement. *See* PCRA Court Opinion, 9/5/14, at 6. To be sure, the evidence demonstrates that the victim independently and "emphatically" identified Appellant as one of the three perpetrators – and that the victim did so both in a photographic array and during Appellant's preliminary hearing. *See* N.T. PCRA Hearing, 9/25/12, at 31-34. Since the evidence demonstrates that Appellant's guilty plea was based upon the totality of the Commonwealth's case against him – and since Appellant's trial attorney testified that the victim's identification testimony was a significant factor in Appellant's decision to plead guilty – the PCRA court was within its discretion, as fact-finder, to conclude that Appellant's guilty plea was "principal[ly]" induced by the victim's identification of Appellant as one of the perpetrators. PCRA Court Opinion, 9/5/14, at 6; N.T. PCRA Hearing,

9/25/12, at 38.   Therefore, Appellant's claim that Mr. Smith's statement "induced" him to plead guilty fails.

Order affirmed.   Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2015