J-S84045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVIS SMITH | |
| Appellant | No. 2927 EDA 2015 |

Appeal from the PCRA Order August 25, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-1005861-2000

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED FEBRUARY 13, 2017**

Appellant, Davis Smith, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his fourth Post Conviction Relief Act[1] ("PCRA") petition as untimely. He argues that his petition was timely filed pursuant to the "after discovered facts" exception to the PCRA.[2] We affirm.

A prior panel of this Court summarized the facts of this case as follows:

> On four to six occasions prior to August 21, 2000, Appellant traveled to the Philadelphia home of Tanya Serrano to purchase a quarter-pound of cocaine. Ms. Serrano acted as an intermediary between Appellant and cocaine supplier Jose Matos (the victim), and although

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. § 9545(b)(1)(ii).

Appellant had purchased cocaine from Matos through Ms. Serrano, Appellant had never actually met Matos. Ms. Serrano testified at trial that she would receive $300 from Matos for each transaction in which she was the intermediary.

On August 21, 2000, Appellant called Ms. Serrano and indicated that he wanted to purchase more cocaine. Rather than waiting until Ms. Serrano advised him that she had the cocaine in her possession, which had been the procedure followed in the past, on this date Appellant arrived at Serrano's home early and was there when Matos arrived to deliver the drugs to her. Ms. Serrano testified that she and Matos thought this was strange and Matos walked her toward the back of the house while whispering something in her ear. As Serrano and Matos headed toward the back room, she heard something behind her and, when she turned to look, was hit on the back of her head rendering her unconscious.

When Ms. Serrano regained consciousness, she dialed 911. When police responded to her home, they found Matos lying face down on the floor with his head covered, having been shot in the head, and Appellant was gone. Later that evening, officers recovered a Colt .45 revolver within one block of Ms. Serrano's home that had a blood stain on it later determined to be that of Matos. In addition, a burned-out van belonging to Matos was found within 150 yards from Appellant's residence.

*Commonwealth v. Ming a/k/a/ Smith*, 2427 EDA 2004 (unpublished memorandum at 1-2) (Pa. Super. Aug. 9, 2005).

The PCRA court summarized the procedural posture of this case as follows:

On September 14, 2001, a jury convicted [Appellant] of second-degree murder, robbery, and burglary. He was sentenced to life imprisonment without parole for the murder conviction and no additional sentence for the remaining charges. [Appellant] filed a timely direct appeal. The Superior Court affirmed the judgment of

- 2 -

sentence on July 2, 2003.[3]  The Supreme Court denied [Appellant's] allowance of appeal on December 2, 2003.[4]

On January 6, 2004, [Appellant] filed his first [PCRA petition].  Counsel was appointed.  Subsequently counsel filed a "no merit" letter on July 6, 2004.  Following independent review of [Appellant's] claims, the trial court dismissed his petition.  On August 9, 2005, the Superior Court affirmed the dismissal.[5]

[Appellant, acting *pro se*,] filed the current petition on February 5, 2015. . . .  [T]his [c]ourt found that [Appellant's] petition for post conviction collateral relief was untimely filed and dismissed his petition on August 25, 2015.

PCRA Ct. Op., 11/17/15, at 1-2 (footnote omitted).  This timely appeal followed.  Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

I. Did Appellant plead his eligibility for PCRA relief and was he eligible for PCRA relief[?]

II. Have advances in fire investigation science shown that the analysis used by the fire marshal in Appellant's trial resulted in nonscientific expert testimony which was highly unreliable and which contributed significantly to the verdicts returned  against Appellant[?]

---

[3] *See Commonwealth v. Ming*, 2800 EDA 2001 (unpublished memorandum) (Pa. Super. July 2, 2003).

[4] *See Commonwealth v. Ming*, 363 EAL 2003 (Pa. Dec. 2, 2003).

[5] *See Ming a/k/a Smith*, *supra.*

III. Is Appellant entitled to a hearing on his claim that advancements in fire investigation science now show the evidence the Commonwealth introduced through its fire marshal was unreliable and now violative of due process of law[?]

Appellant's Brief at 6.

First, Appellant contends the instant PCRA petition was timely based upon newly discovered evidence pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 2/5/15, at 4. He avers that there were fatal flaws in the fire science that was used at trial by the Commonwealth, *viz.*, the negative corpus methodology.[6] ***Id.*** Appellant claims he became aware of this fact from a news program on January 24, 2015, "which aired a news interview of the release of prisoner James Hugney from SCI/Rockview who was also convicted based upon fatal flaw fire science in his case verbatim to the case *sub judice*." ***Id.*** Appellant argues that "[a]lthough [he] was not charged with arson, the Commonwealth used the arson of the van to argue that he committed this uncharged crime to destroy evidence of his guilt of the murder . . . ." Appellant's Brief at 18-19. Appellant contends that the PCRA petition is

---

[6] We note that "'[n]egative corpus,' short for negative *corpus delicti*, is fire investigator shorthand for the determination that a fire was incendiary based on the lack of evidence of an accidental cause." ***Schlesinger v. United States***, 898 F. Supp. 2d 489, 491–92 (E.D.N.Y. 2012).

timely because he filed it within sixty days of learning of the case of

***Commonwealth v. James Hugney***.  Appellant's Brief at 17-18.

This Court has stated:

> In reviewing the propriety of an order denying PCRA relief, this Court is limited to examining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error.  Great deference is given to the findings of the PCRA court, which may be disturbed only when they have no support in the certified record.

***Commonwealth v. Perry***, 959 A.2d 932, 934-35 (Pa. Super. 2008) (citations omitted).

As a prefatory matter, we determine whether Appellant's PCRA petition is timely.

> Our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed."  ***Commonwealth v. Abu–Jamal***, [ ] 941 A.2d 1263, 1267–68 ([Pa.] 2008) (citation omitted).  ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (holding no court has jurisdiction to hear an untimely PCRA petition).  It is well settled that "[a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies."  ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008) [ ].

***Commonwealth v. Garcia***, 23 A.3d 1059, 1061-62 (Pa. Super. 2011) (footnote omitted).

The timeliness exceptions to the PCRA requirements are set forth in 42 Pa.C.S. § 9545, which provides in pertinent part:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\*　　\*　　\*

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

\*　　\*　　\*

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(ii), (2).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the after-discovered evidence exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of after-discovered evidence. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42

Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the new facts exception at:

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the new facts exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015)

(quotation marks and some citations omitted).

Our Pennsylvania Supreme Court

has addressed the meaning of facts as that term is employed in Section 9545(b)(1)(ii) and held that, to constitute such facts, the information may not be part of the public record. Similarly, we have held that a petitioner must allege and prove previously unknown facts, not merely a newly discovered or newly willing source for previously known facts. These principles have been applied when a petitioner has relied on a study to satisfy the time-bar exception of Section 9545(b)(1)(ii). ***See*** [***Commonwealth v. Lark***, 746 A.2d 585, 588 n.4 (Pa. 2000)] (concluding that because a particular study of the Philadelphia criminal justice system consisted of statistics which were public record, it could not be said that the statistics were unknown to the petitioner).

- 7 -

***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (quotation marks and some citations omitted).

In the instant case, Appellant's judgment of sentence became final on March 1, 2004, which marked the expiration of the ninety-day time period for seeking *certiorari* in the United States Supreme Court after the Pennsylvania Supreme Court declined to hear Appellant's appeal on December 2, 2003. **See** 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant then had generally one year within which to file his PCRA petition. The instant PCRA petition, filed on February 5, 2015, is patently untimely. **See** 42 Pa.C.S. § 9545(b)(1).

Instantly, the PCRA court opined:

> In his February 5, 2015, PCRA petition, [Appellant] raised an after-discovered evidence argument. He based this argument on a decision in release of James Hugney. The premise of Mr. Hugney's case was whether or not there was arson that caused the death of his son. He was convicted based upon the Negative Corpus method of fire investigation, and he was released because this was not supported by modern science.
>
> \* \* \*
>
> [Appellant] stated that he became aware of this case while watching the news on January 24, 2015, and [he] filed this petition on February 5, 2015; therefore, he claimed that he met the 60-day requirement for filing. [Appellant] was mistaken. The alleged after-discovered

- 8 -

evidence in this case asserted by [Appellant] was the new methods of fire investigation as cited in the release of Mr. Hugney. However, fire investigation has improved and there have been many updates made prior to the case of Mr. Hugney; [Appellant] has failed to show **due diligence** in presenting this argument.

PCRA Ct. Op. at 3-4 (footnote omitted). We agree no relief is due.

In the case *sub judice*, Appellant acknowledges that

[i]n 1998, the Eleventh Circuit for the first time held that purported "fire science" testimony must satisfy the ***Daubert v. Merrell Dow Pharm., Inc.***, 509 U.S. 579 (1993) standard, and upheld the exclusion of an "expert's" negative corpus analysis. ***Michigan Millers Mutual Ins. Corp. v. Benfield***, 140 F.3d 915, 919-21 (11th Cir. 1998).

Appellant's Brief at 21.[7] Appellant avers that "[t]he 2011 revision of NFPA (National Fire Protection Association) 921 (see page 245) rejected the doctrine of negative corpus . . . ." ***Id.*** at 9.

Appellant failed to plead and prove why the facts were unknown and could not have been ascertained by the exercise of due diligence. ***See Brown***, 111 A.3d at 176-77; ***Edmiston***, 65 A.3d at 352. Appellant did not plead and prove any exception to the PCRA's timeliness requirement. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii); ***Brown***, 111 A.3d at 176-77. Thus, the PCRA court did not err in denying his PCRA petition as untimely. ***See Garcia***, 23 A.3d at 1061-62.

Order affirmed.

---

[7] ***See*** Appellant's Brief at 15-16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017