J-S83027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DENNIS A. HOWARD | : | |
| | : | |
| Appellant | : | No. 1522 EDA 2017 |

Appeal from the PCRA Order April 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000672-2007

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 06, 2018**

Appellant, Dennis A. Howard, appeals *pro se* from the order entered on April 21, 2017, dismissing his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

On January 29, 2008, a jury found Appellant guilty of first-degree murder, possession of an instrument of crime, and persons not to possess a firearm.[1]  On January 30, 2008, the trial court sentenced Appellant to serve a mandatory term of life in prison without the possibility of parole for the first-degree murder conviction and to serve concurrent terms of imprisonment for the remaining convictions.  We affirmed Appellant's judgment of sentence on September 4, 2009 and the Pennsylvania Supreme

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), and 6105, respectively.

Court denied Appellant's petition for allowance of appeal on December 29, 2009. ***Commonwealth v. Howard***, 986 A.2d 1256 (Pa. Super. 2009) (unpublished memorandum) at 1-3, *appeal denied*, 987 A.2d 159 (Pa. 2009).

On July 15, 2010, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant in the proceedings. Ultimately, the PCRA court dismissed Appellant's PCRA petition and, on March 19, 2014, this Court affirmed the PCRA court's order. ***Commonwealth v. Howard***, 100 A.3d 312 (Pa. Super. 2014) (unpublished memorandum) at 1-9.

Appellant filed his second PCRA petition on April 7, 2014. The PCRA court dismissed the petition on January 30, 2015, we affirmed the dismissal on February 19, 2016, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 22, 2016. ***Commonwealth v. Howard***, 141 A.3d 599 (Pa. Super. 2016) (unpublished memorandum) at 1-3, *appeal denied*, ____ A.3d ____, 208 EAL 2016 (Pa. 2016).

Appellant filed the current PCRA petition – his third – on October 4, 2016. Within the petition, Appellant acknowledged that his petition was facially untimely; however, Appellant claimed that his petition fell under the "governmental interference" exception to the PCRA's time-bar. Appellant's Third PCRA Petition, 10/4/16, at 11; ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i). Appellant claimed:

[Appellant's] Constitutional right of due process was clearly violated when government official[s] violated U.S. Supreme Court ruling **Brady v. Maryland**[, 371 U.S. 812 (1963)] refusing to turn over all evidence pertaining to [his] case . . . , a full autopsy report was conducted of the [decedent's] internal, external examination, bullet track, pictures of the [decedent's] injuries, entrance [and exit] wounds, video recording reduce[d] to writing, body chart. Constitutional law 840. Due process. The suppression by the prosecution of evidence favorable to and requested by an accused violates due process where the evidence is material either to guilt or to punishment irrespective of the good or bad faith of the prosecution.

*Id.* at 4 (some internal capitalization omitted).

Moreover, Appellant claimed that he first learned of his **Brady** claim after he filed a request for public records under Pennsylvania's Right-to-Know Law (hereinafter "RTKL"). **See** 65 P.S. §§ 67.101 *et seq.* In particular, Appellant claimed, on February 25, 2016, he sought the "[c]ompleted autopsy report of [the decedent], bullet track, external examination, video recording reduced to writing, physical pictures, [and] body chart of the victim" in his case. **See** Exhibit "A" to Appellant's Third PCRA Petition, 10/4/16, at 1.

On April 4, 2016, the Medical Examiner's Office "sent a final response partially denying [Appellant's right-to-know] request. Among the bases for the denial, the City asserted the criminal investigative records exemption found in Section 708(b)(16) of the RTKL." **Id.** On May 20, 2016, the appeals officer of the Office of the District Attorney of Philadelphia finally denied Appellant's appeal under the RTKL. **Id.** at 1-3.

- 3 -

On February 10, 2017, the PCRA court notified Appellant that it intended to dismiss his PCRA petition in 20 days, without holding a hearing. *See* PCRA Court Order, 2/10/17, at 1; Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on April 21, 2017 and Appellant filed a timely notice of appeal to this Court. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

- 4 -

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Opinion, 6/21/17, at 1-8. We agree.

Appellant's judgment of sentence became final at the end of the day on March 29, 2010, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S. Sup. Ct. R. 13.1. The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until March 29, 2011 to file a timely PCRA petition. Since Appellant filed his current petition on October 4, 2016, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

- 5 -

Here, Appellant purports to invoke the "governmental interference" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court has explained, "[a]lthough a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008); **see also Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) ("the proper questions with respect to timeliness [under the governmental interference exception] are whether the government interfered with [a]ppellant's access to the [files], and whether [a]ppellant was duly diligent in seeking those files").

- 6 -

Within Appellant's current petition, Appellant simply does not allege that government officials interfered with his ability to obtain or access the documents and Appellant never explains why he could not have obtained the files at an earlier time (such as at trial). *See* Appellant's Third PCRA Petition, 10/4/16, at 1-18. Therefore, Appellant failed to properly plead the governmental interference exception to the PCRA's one-year time-bar; and, since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).

Therefore, we affirm the PCRA court's order, which dismissed Appellant's third PCRA petition without holding a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18