J-S82017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STANLEY HAYES :
:
Appellant : No. 1743 EDA 2017

Appeal from the PCRA Order May 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1054681-1990

BEFORE: LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 18, 2019**

Appellant, Stanley Hayes, appeals from the order entered on May 19, 2017 in the Criminal Division of the Court of Common Pleas of Philadelphia County that dismissed as untimely his fourth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts are as follows. At the conclusion of trial on June 21, 1991, a jury found Appellant guilty of first-degree murder and related offenses in the shooting death of Melvin Phillips. Appellant received life imprisonment for his first-degree murder conviction and the trial court later added additional, concurrent terms of incarceration for Appellant's related offenses. On January 28, 1994, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Hayes***, 640 A.2d 472 (Pa. Super. 1994) (table). Appellant did not seek further review before the Pennsylvania Supreme Court.

_____
* Retired Senior Judge assigned to the Superior Court.

In the years after direct review, but prior to the commencement of the instant petition, Appellant filed three petitions pursuant to the PCRA. These petitions were filed on May 30, 1995, May 6, 2004, and October 23, 2007, respectively. Notably, Appellant's second and third petitions alleged the existence of "after-discovered evidence," including the criminal history of Carol Devan, a witness for the Commonwealth who testified at trial. Both petitions alleged that counsel was ineffective in failing to use the information to impeach Devan and that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963) in failing to produce this information to Appellant. Neither petition secured relief before the PCRA courts and this Court rejected Appellant's claims and affirmed the dismissal of both petitions.

Appellant, acting *pro se*, filed the instant petition (his fourth) on May 11, 2012. Amendments to Appellant's petition raised the same *Brady* claim predicated on Devan's criminal history that was rejected in Appellant's second and third petitions. After issuing notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA denied Appellant's fourth petition as untimely on May 19, 2017. This appeal followed.

Appellant argues that the PCRA court erred in dismissing his fourth petition as untimely. "As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely, as this inquiry determines whether we may exercise jurisdiction over the present petition.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Appellant does not dispute that his fourth petition was filed outside the PCRA's one-year time limit and, therefore, was patently untimely. Accordingly, the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

- 3 -

Citing our Supreme Court's decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), Appellant claims the PCRA court erred in dismissing his petition as untimely. In **Burton**, the Supreme Court examined the "newly-discovered facts" exception to the time-bar, which permits the filing of a petition outside of the one-year time-bar if the petitioner pleads and proves that the facts upon which the claim is predicated "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court explained that the newly-discovered facts exception "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007) (internal quotations and citation omitted), *quoting* **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005). Contrary to prior decisions which held that information within the public sphere cannot be deemed "unknown" for purposes of § 9545(b)(1)(ii), **Burton** made clear that the presumption of access to public information does not apply to defeat a petitioner's invocation of the newly-discovered facts exception where the petitioner is incarcerated and acting as his own counsel. **Burton**, 158 A.3d at 620.

In the case at bar, the PCRA court noted that Appellant's **Brady** claim (predicated on Devan's criminal history) was first raised in his second PCRA

petition filed in 2004. ***See*** PCRA Court Opinion, 7/31/18, at 4. As such, Appellant could not demonstrate that he filed the instant petition within 60 days of the date the claim could first have been presented. ***Id.*** Appellant does not dispute this assessment. ***See*** Appellant's Brief at 21 (acknowledging that Appellant cannot submit a claim based upon the ***Brady*** violation alleged herein within 60 days of its discovery). Hence, we conclude that Appellant failed to plead a valid exception to the PCRA's one-year time-bar and that his petition is time-barred. Since we "are without jurisdiction to offer [Appellant] any form of relief," ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011), we affirm the PCRA court's order dismissing Appellant's fourth PCRA petition without a hearing.[1]

Order affirmed.

_____

[1] Appellant argues that if the appellate courts of this Commonwealth decided prior to 2004 that incarcerated, *pro se* petitioners were not subject to the public information presumption, then he would have received the relief he presently seeks. ***See*** Appellant's Brief at 12. While this contention may have some merit, it does not lead to a different result under our present jurisdictional analysis. Appellant overlooks the fact that changes in the interpretation of the PCRA statute do not expand the jurisdiction of PCRA courts in the same manner as the adoption of new rules of constitutional law which apply retroactively to cases in which the judgment of sentence has become final. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/19