J-A27032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SELWYN D. KING | : | |
| | : | |
| Appellant | : | No. 1015 MDA 2022 |

Appeal from the Order Entered June 28, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000585-2010

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:    **FILED: JANUARY 31, 2024**

Appellant, Selwyn D. King, appeals from the order entered in the Court of Common Pleas of Luzerne County denying his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 10, 2010, Appellant entered a counseled guilty plea to six counts of delivery of heroin and four counts of criminal conspiracy to deliver heroin.[1]  On December 30, 2010, the trial court sentenced him to an aggregate sentence of 82 to 164 months' incarceration.  Appellant filed no direct appeal.

On May 1, 2012, Appellant filed his first PCRA petition in which he raised issues alleging sentencing entrapment and challenging the ruling that he was

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903(a)(1).

ineligible for the Recidivism Risk Reduction Incentive ("RRRI") program. The PCRA court appointed counsel. Following a hearing, the PCRA court denied Appellant relief because his petition was patently untimely. On appeal, this Court affirmed, holding that Appellant had failed to plead or prove any statutory exception necessary to circumvent the PCRA's timeliness requirement. *See Commonwealth v. King*, No. 1186 MDA 2013 (unpublished memorandum filed August 28, 2014).

The next relevant matter of record consists of the trial court's order filed on October 9, 2015, in which it indicates that in response to an inquiry from the Department of Corrections[2] "and based on the sentencing transcript dated December 30, 2010, attached hereto," it was again setting forth "the sentence of Selwyn King . . . as follows[.]" Trial Court Order, 10/9/15, at 1. The 2015 order consists of eleven enumerated paragraphs, with the first ten listing a particular Criminal Information, the Count thereunder to which Appellant pleaded guilty, the corresponding sentence imposed, and whether the sentence described runs consecutively or concurrently to a sentence imposed in another Criminal Information. The final paragraph of the October 9, 2015, order states, "The aggregate sentence for [Appellant] is eighty-two (82)

---

[2] Appellant averred in his June 7, 2017, "Motion for Modification of Sentence and/or Correction of Sentence *Nunc Pro Tunc*", that the Department of Corrections initially had decided on July 20, 2015, to grant release to Appellant on October 2, 2015, on its interpretation of the record that the trial court had imposed an aggregate sentence of 58 to 116 months. The DOC withdrew this decision, however, after learning that it had referenced an erroneous sentencing sheet in making the probation decision.

months to one hundred sixty-four (164) months in a State Correctional Facility (Sentencing Transcript p. 22-23)." ***Id***.

On September 7, 2016, Appellant addressed a letter to the trial court asserting that its October 9, 2015, order unlawfully modified the aggregate sentence of 58 months to 106 months that the trial court initially announced from the bench nearly six years earlier during the sentencing hearing. Appellant's Letter, 11/7/16, at 1 (referencing N.T. 10/9/15 at 19). Appellant followed this by filing a self-styled, "Motion for Emergency Hearing" and "Motion for Modification of Sentence and/or Correction of Sentence *Nunc Pro Tunc*", in which he, again, asserted the trial court had unlawfully modified his aggregate sentence.

The trial court construed Appellant's letter and subsequent filings as a PCRA petition, and it elected to appoint counsel, who subsequently filed a ***Turner/Finley***[3] petition to withdraw. Specifically, at the June 28, 2022, PCRA hearing, PCRA counsel advised the trial court that his review of the sentencing transcript led him to conclude that the October 9, 2015, order entirely aligned with the sentence the trial court had entered at Appellant's December 10, 2010, sentencing hearing. To this end, counsel stated, "[M]y ultimate conclusion was it [(Appellant's PCRA petition)] lacked merit because the [sentencing] transcript matched the October 9th, 2015, Order and the [2010]

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

dispositional sheet. So, there was no modification. It was just an order stating what it was." N.T., 6/28/22, at 15.

Appellant voiced his disagreement with PCRA counsel. Initially, he denied that the court's imposition of sentence at the hearing could serve as its sentencing order, and he maintained this position even after the trial court explained that the transcript was time stamped, signed by the court stenographer and the trial court, and provided to the DOC. N.T. at 16.[4, 5]

The misunderstanding with respect to the aggregate sentence, the trial court continued, was identified and corrected by the trial court at the time of sentencing. The court directed Appellant to that part of the sentencing transcript where defense counsel observed that the trial court had mistakenly omitted from its final calculation one of the three consecutively run 24 to 48-month sentences it announced during sentencing.[6]

_____

[4] The record also contains Appellant's written sentence, which bears a date stamp of 12/30/10 and sets forth the trial court's sentencing scheme comprising, *inter alia*, four consecutively run sentences resulting in an aggregate sentence of 82 to 164 months' incarceration.

[5] Appellant offered the alternate argument that the trial court never identified the 24 to 48-month sentence at Count 585 as consecutive. The trial court quickly dismissed this tack, explaining that it started its sentencing scheme with Count 585 and ran the next count consecutively to it. N.T. at 7-11.

[6] Specifically, the trial court announced that the 24 to 48-month sentence at Count 582 would run consecutive to the 24 to 48-month sentence at Count 585, that the 10 to 20-month sentence at Count 592 would run consecutive to Count 582, and that the 24 to 48-month sentence at 591 would run consecutive to Count 590, which was the last of a sequence of remaining concurrently-run counts. N.T. 12/30/10, at 15-18. Accordingly, the
*(Footnote Continued Next Page)*

Appellant maintained that his defense counsel did not have authority to announce his sentence, but the court dismissed this argument as frivolous. It explained, again, that it had already announced the consecutive sentencing scheme count-by-count and thereafter affirmatively confirmed defense counsel's observation that the announced scheme comprises three 24 to 48-month consecutive sentences, not two. N.T. at 9-13.[7] (see 12/30/10, at 22-24). In other words, the trial court concluded that the sentencing transcript shows it acknowledged its math error at the time of sentencing and corrected the aggregate sentence prior to ending the sentencing hearing. N.T., 6/28/22, at 15.

With respect to its October 9, 2015, order, therefore, the trial court stated to Appellant, "You were never resentenced." Accordingly, the trial court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition as both untimely and, in the alternative, meritless. This timely appeal follows.

In Appellant's *pro se* brief, he raises the following questions for this Court's review:

1. Whether the trial court erred by not finding the Appellant's February 7, 2016, letter [to] the Honorable Judge Tina P. Gartley, requesting notification of the new Order and/or computation of sentence, as a timely filed PCRA?

2. Whether the trial court erred by not finding the Appellant's Nunc Pro Tunc Motion for Hearing and Modification of Sentence,

_____

aggregate sentence resulting from the sentencing scheme announced by the trial court at the December 30, 2010, was 82 to 164 months' incarceration.

[7] *See* N.T., 12/30/10, at 22-24.

dated May 26, 2017, by Superior Court of Pennsylvania, Western District "Leave of Court" ORDER; dated May 3, 2017, Doc. No. 463 WDA 2017 as a timely filed petition?

3. Whether the trial court erred by not recusing itself from proceedings wherein the Honorable Judge Tina P. Gartley had personal knowledge of matters in dispute pertaining to actions and inactions that altered the criminal record of the Luzerne County Clerk of Court's office in violation of state law, Pa. and U.S. Constitutions along with actions and inactions which mislead [sic] Pa. Department of Corrections officials whom [sic] were conducting an investigation about the discrepancy of sentence computation which was alleged by Ms. Romilda P. Crocamo Esq., law clerk of the Honorable Judge Tina P. Gartley, in February of 2011?

4. Whether the trial court erred in finding that the court did not lack jurisdiction to issue a second ORDER to clarify, modifying and increasing the Appellant's original sentence of 58 months (minimum) to 82 months (maximum) to a new sentence of 86 months (minimum) to 164 months (maximum) more than 30 days after the original sentence was filed by the Honorable Tina P. Gartley as Order-Sentence/Penalty Imposed and where no post sentence appeal was taken within 30 days.

5. Whether the trial court erred in finding the Appellant had a "Due Process Clause" right to be Notified, Present, and Heard, during the October 9, 2015, proceedings wherein the trial court stated that the sentencing was clarified and furthermore an additional 24 to 48 months was added consecutively to the Appellant's sentence without notice.

Brief of Appellant, at 10-11 (unenumerated).

Of Appellant's five issues, we first address the jurisdictional question raised in question one asking whether the trial court properly concluded that Appellant's PCRA petition was untimely, as it was filed approximately five

years after his judgment of sentence became final. "As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014). Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review ... or at the expiration of time for seeking review.
> ...
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

Appellant's judgment of sentence became final on Monday, January 31, 2011, when thirty days transpired after the trial court entered judgment of sentence and Appellant had not filed a direct appeal. *See* Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); 1 Pa.C.S.A. § 1908 (excluding weekends

- 7 -

and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until January 31, 2012, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's current petition, which was filed on September 7, 2016, is patently untimely, and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

In his attempt to circumvent the time-bar, Appellant contends that his present petition is timely because he filed it within one year of when the trial court entered its sentencing order of October 9, 2015. Contrary to the trial court's explanation, Appellant maintains, the 2015 order represented a modification of his original sentence rather than a mere clarification, and, thus, effectively imposed a new judgment of sentence upon him. We disagree.

A claim that the trial court erred in correcting a sentencing clerical error or clarifying a judgment of sentence is "a question of law; thus, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Borrin**, 80 A.3d 1219, 1225 (Pa. 2013)(OAJC). In **Borrin**, the Pennsylvania Supreme Court explained that "a signed sentencing order, if

- 8 -

legal, controls over oral statements of the sentence judge not incorporated into the signed judgment of sentence," and it held that "comments the trial court made after-the-fact . . . regarding its subjective intent when sentencing [the defendant] were irrelevant to the process of order clarification the trial court was authorized to undertake." *Id.* at 1226-27. In other words, a court possesses the inherent authority to enter an order to "reflect what actually took place in judicial proceedings." *Id.* at 1227.

As indicated *supra*, however, we have examined closely the relevant record and discern no merit to Appellant's argument that the trial court attempted to change or modify his 2010 sentence with its October 9, 2015, order. With respect to the 2010 sentencing hearing, the notes of testimony show the trial court confirmed during sentencing that Appellant's aggregate term of imprisonment was not 58 to 116 months as it initially misstated, but was, instead, 82 to 164 months, as Defense Counsel had correctly brought to the trial court's attention immediately after the trial court announced the sentencing scheme.

Moreover, the trial court's written sentencing order filed on the same date reflected precisely what the court had announced at the hearing, as the filing delineated the scheme of concurrent and consecutive sentences that resulted in an 82 to 164-month aggregate sentence. Accordingly, there is no question under this record that the court's sentencing intention was manifest in the sentence both announced in open court and filed of record on December 30, 2010.

Consequently, we conclude that the trial court's subsequent 2015 sentencing order prepared in response to the Department of Corrections' question regarding Appellant's aggregate sentence represented a mere clarification, and not a modification, of the 2010 sentencing order, as it mirrored the court's sentencing scheme both announced at the sentencing hearing and incorporated in the accompanying written sentence filed on the same date. It follows, therefore, that the present PCRA petition, filed approximately six years after Appellant's 2010 judgment of sentence became final, is patently untimely and without a pleaded and proven exception to permit its review. Accordingly, this Court lacks jurisdiction over the present appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2024