J-S10005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE GRAHAM | : | |
| | : | |
| Appellant | : | No. 668 WDA 2023 |

Appeal from the PCRA Order Entered May 5, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001119-2010

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 15, 2024**

Appellant, Terrence Graham, appeals *pro se* from the order entered on May 5, 2023, which dismissed his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury found Appellant guilty of two counts of criminal homicide and one count each of abuse of a corpse and tampering with physical evidence.[1] On July 26, 2011, the trial court sentenced Appellant to serve two consecutive terms of life in prison for his homicide convictions and to serve concurrent terms of incarceration for the remaining convictions. We affirmed Appellant's judgment of sentence on February 15, 2013 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 28, 2013.

---

[1] 18 Pa.C.S.A. §§ 2501(a), 5510, and 4910(1), respectively.

*Commonwealth v. Graham*, 68 A.3d 364 (Pa. Super. 2013) (unpublished memorandum) at 1-23, *appeal denied*, 74 A.3d 125 (Pa. 2013).

Appellant filed a timely, first PCRA petition on August 20, 2014. Following the appointment of counsel, the PCRA court dismissed Appellant's petition on February 10, 2020 and this Court affirmed the PCRA court's order on April 22, 2021. *Commonwealth v. Graham*, 253 A.3d 303 (Pa. Super. 2021) (non-precedential decision) at 1-9.

Appellant filed the current PCRA petition on November 15, 2021. Within this petition, Appellant acknowledged that it was facially untimely under the PCRA's one-year time-bar. *See* Appellant's Second PCRA Petition, 11/15/21, at 8. However, Appellant claimed that his petition was timely under the governmental interference exception to the time-bar. *Id.* at 7. As ably summarized by the PCRA court, Appellant claimed:

> during his first PCRA petition, . . . [Appellant] filed a motion for discovery on May 31, 2016, requesting specific items of evidence. On August 4, 2016, the PCRA court ordered the Commonwealth to provide the requested discovery items within 30 days or show just cause as to why [Appellant] should not have the discovery items. The Commonwealth responded to [Appellant's] discovery requests on February 27, 2018, and March 1, 2018. [Appellant] contends that in these responses, the Commonwealth failed to provide the requested discovery. Specifically, he addresses the phone records belonging to [Appellant's] phone. . . . [Appellant] argues that it was the failure of the Commonwealth to provide this discovery, specifically citing the phone records for [his telephone number], as the government[al] interference that allows his second PCRA petition to meet one of the timeliness requirement exceptions.

PCRA Court Opinion, 7/18/23, at 7 (footnotes omitted).

On December 29, 2022, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing. **See** PCRA Court Order, 12/29/22, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on January 17, 2023. However, the PCRA court dismissed Appellant's petition on May 5, 2023 on the basis of untimeliness and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

- 3 -

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Order, 5/5/23, at 1. We agree. Appellant's judgment of sentence became final at the end of the day on November 26, 2013, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* U.S.Sup.Ct.R. 13.1.  The PCRA expressly requires that a petition be filed "within one year of the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1).  As such, Appellant had until November 26, 2014 to file a timely PCRA petition.  Since Appellant filed his current petition on November 15, 2021, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case.  *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

- 4 -

Appellant purports to invoke the "governmental interference" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

The PCRA court thoroughly explained why Appellant's petition does not satisfy the governmental interference exception:

> [Appellant's] allegation, that the Commonwealth fail[ed] to provide, during the [first PCRA proceedings], the cellphone records relating to his own cellphone constituted government[al] interference which prevented him from presenting [certain] claims in his previous PCRA petition, cannot be sustained. [Appellant] fails to sustain his burden to show that his failure to raise these claims was the result

- 5 -

of government[al] interference or that the records in question could not have been obtained earlier with the exercise of due diligence. The information contained in the cellphone records was admittedly available to his trial counsel during the pretrial proceedings and was made part of the record when provided in discovery on March 25, 2011. Clearly, these records were available during trial and at the time of his first PCRA petition. [Appellant] further admits that his cellphone was available to him and in the possession of his cousin, and that the only reason he did not have the cellphone and the corresponding records is because he did not speak to his cousin for an extended period of time. Furthermore, there were other sources of information, beyond the cellphone records, which could have been used in support of these claims, such as the testimony of the victim's father at sentencing and [Appellant's] own personal knowledge. Because [Appellant] cannot demonstrate that the failure to raise these claims was the result of government interference or that the evidence which was allegedly withheld contained information that could not have been obtained earlier with the exercise of due diligence, he has failed to meet his burden to establish an exception for his petition's untimeliness.

PCRA Court Opinion, 7/18/23, at 12 (citations omitted).

We agree with the PCRA court's able explanation and thus conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Hence, we affirm the PCRA court's order, which dismissed Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/15/2024