**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Thomas PERRIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 2, 2008.

Filed May 1, 2008.

Thomas Perrin, appellant, pro se.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: STEVENS, KLEIN and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Thomas Perrin appeals *pro se* from the order entered by the Honorable Gregory E. Smith dismissing without a hearing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Because we agree with the PCRA court that Perrin's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm. A full discussion follows.

¶ 2 Perrin was convicted by a jury of first-degree murder, criminal conspiracy

and possession of an instrument of crime, and the court sentenced him to life imprisonment. On direct appeal, this Court affirmed the judgment of sentence. *See Commonwealth v. Perrin,* 394 Pa.Super. 614, 565 A.2d 821 (Pa.Super.1989). On November 6, 1991, Perrin filed his first PCRA petition, which was denied on May 22, 1996. This Court affirmed the dismissal on August 8, 1997, and the Supreme Court denied a petition for allowance of appeal on March 4, 1998. On December 6, 1999, Perrin filed a second PCRA petition, which was dismissed as untimely by the PCRA court on July 19, 2000. This Court affirmed the dismissal on September 20, 2001. Perrin filed the current PCRA petition, this third, on January 23, 2006, invoking the newly-discovered evidence exception to the one-year time limitation. 42 Pa.C.S.A. § 9545(b)(1)(ii). On September 22, 2006, the PCRA court dismissed the petition as untimely since Perrin had failed to plead and prove any of the exceptions to the time limitations of section 9545.

■ ¶ 3 Any and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Derrickson,* 923 A.2d 466, 468 (Pa.Super.2007). Any petition invoking an exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 222 (1999); *Derrickson,* 923 A.2d at 468.

¶ 4 Perrin's judgment of sentence became final on June 7, 1990, 90 days after the expiration of the time for filing an application for a writ of *certiorari* with the United States Supreme Court from our Supreme Court's March 9, 1990 order denying allowance of appeal. He filed his current PCRA petition on January 23, 2006. Therefore, Perrin's PCRA petition is facially untimely and must be dismissed unless his petition has alleged, and he can prove, that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

■ ¶ 5 Perrin argues that the newly-discovered evidence exception is applicable. 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, he claims that handwritten notes taken by former Assistant District Attorney Gavin Lentz while Lentz attended a 1990 lecture given by Assistant District Attorney Bruce Sagel establish that it was the policy and practice of the Philadelphia District Attorney's Office to discriminate against African Americans by using

preemptory challenges in jury selection. He also avers that he received this information on January 23, 2006, when it was sent to the institutional law library.

¶ 6 This Court has already heard and rejected this argument, finding that absent an averment of actual discrimination, the Lentz notes do not fall within the newly-discovered evidence exception. *See Commonwealth v. Davis,* 916 A.2d 1206 (Pa.Super.2007). In *Davis,* the appellant argued that he could not have presented the Lentz notes until November 28, 2005, because prior to that time, the identity of Lentz was unknown and the notes were in control of the Philadelphia District Attorney's office. *Davis,* 916 A.2d at 1209. However, the Sagel lecture and the Lentz notes were first referenced and quoted in a 1997 article in *Philadelphia Magazine* about then-mayoral candidate Jack McMahon. *Id.* Accordingly, this Court in *Davis* found that there was "no reason that Appellant could not have raised his claim prior to learning Lentz's identity or obtaining a copy of the notes, and that, in any event, such evidence does not entitle Appellant to relief" because Lentz's handwritten notes from Sagel's 1990 lecture "does not establish that there was discrimination in Appellant's trial." *Davis,* 916 A.2d at 1209. Our Supreme Court has also previously determined that the McMahon tape is not sufficient to establish a policy of discrimination in jury selection by the prosecutors in the District Attorney's Office of Philadelphia County, and that the mere existence of the McMahon tape does not demonstrate prejudice in a particular case. *Commonwealth v. Williams,* 581 Pa. 57, 863 A.2d 505, 523 (2004); *Commonwealth v. Rollins,* 558 Pa. 532, 738 A.2d 435, 443 n. 10 (1999); *see Commonwealth v. Marshall,* 570 Pa. 545, 810 A.2d 1211, 1228–29 (2002); *Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585, 588–89 (2000).

¶ 7 Here, Perrin claims: "Under the Castille administration that prosecuted petitioner, the district Attorney's Office struck African American[s] 59% of the time (783 strikes of a possible 1326 strike eligible venire persons), as opposed to a strike rate of only 20% for non-black venire persons (377 of 1905), statistically significant at .001." Memorandum of law, 1/23/06, at 5. Perrin also avers that "his jury had absolutely no African Americans due to the racial policy and practices of the Philadelphia District Attorney's Office." *Id.* However, Perrin has not cited the record to support these numbers in his case, and he does not reveal the race of individual venire persons whom the Commonwealth struck. As our Supreme Court has stated: "This clearly cannot [petitioner's] burden to identify specifically "the race of all the venirepersons removed by the prosecution, the race of the jurors who served, and the race of the jurors acceptable to the Commonwealth who were stricken by the defense." *Commonwealth v. Thomas,* 552 Pa. 621, 717 A.2d 468, 475 (1998).

¶ 8 The newly-discovered evidence exception requires that Perrin prove that he could not have ascertained the evidence he now proffers by the exercise of due diligence. Perrin has failed to do so. The article was published and discoverable in 1997. As we found in *Davis,* there is no reason why Perrin could not have invoked this exception prior to learning Lentz's identity or obtaining a copy of his notes. Accordingly, Perrin has failed to properly plead the newly-discovered evidence exception. *Commonwealth v. Taylor,* 933 A.2d 1035 (Pa.Super.2007) (for purposes of exception to PCRA jurisdictional time-bar when facts upon which claim is predicated were unknown to petitioner and could not have been ascertained by due diligence, petitioner fails to meet his burden when

facts asserted were merely "unknown" to him; petitioner must also explain why asserted facts could not have been ascertained earlier with exercise of due diligence).

¶ 9 Perrin's petition also alleges claims of ineffective assistance of counsel. Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel. *See Commonwealth v. Bronshtein,* 561 Pa. 611, 752 A.2d 868 (2000); *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000); *see also Fahy, supra* (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits).

¶ 10 Moreover, we note that even if this claim of ineffectiveness were reviewable, we would find that Perrin has failed to establish arguable merit. *See Commonwealth v. Washington,* 592 Pa. 698, 927 A.2d 586 (2007) ("To establish any merit to a *Batson* claim, Appellant must establish a prima facie case of improper use of peremptory challenges."). *Cf. Commonwealth v. Uderra,* 580 Pa. 492, 862 A.2d 74 (2004) ("in order to succeed on an unpreserved claim of racial discrimination in jury selection, we agree with those jurisdictions that have held that a post-conviction petitioner may not rely on a prima facie case under *Batson,* but must prove actual, purposeful discrimination by a preponderance of the evidence, in addition to all other requirements essential to overcome the waiver of the underlying claim."). In light of the deficiencies here, and as identified by the Commonwealth, Perrin's present proffer would clearly fail to meet this test.

¶ 11 Therefore, because we find that Perrin's PCRA petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm PCRA court's order dismissing Perrin's PCRA petition without a hearing.

¶ 12 Order affirmed.