J-S78021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEC DEVON KREIDER | |
| Appellant | No. 1270 MDA 2014 |

Appeal from the PCRA Order July 11, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003446-2007

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 18, 2014**

Alec Kreider appeals from an order denying his fourth Post Conviction Relief Act[1] ("PCRA") petition without a hearing. Because Kreider's petition is untimely, we affirm.

Kreider was charged with murdering three persons on May 12, 2007, when he was sixteen years old. On June 17, 2008, Kreider pled guilty to three counts of first degree murder, and the lower court sentenced him to three consecutive terms of life imprisonment without the possibility of parole.

Kreider filed a timely post-sentence motion requesting imposition of concurrent sentences instead of consecutive sentences. The lower court

---

[1] 42 Pa.C.S. § 9541 *et seq*.

denied the motion, and Kreider filed a timely direct appeal. On October 9, 2009, the Superior Court affirmed Kreider's judgment of sentence. He did not appeal to the Pennsylvania Supreme Court.

On December 8, 2009, Kreider timely filed his first PCRA petition alleging, *inter alia*, prosecutorial misconduct and ineffective assistance of counsel. On March 8, 2010, the lower court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. Instead of responding to the Rule 907 Notice, Kreider filed a *pro se* "Petition to Permit Motion To Withdraw Guilty Pleas *Nunc Pro Tunc*." On May 13, 2010, the lower court denied the motion to withdraw guilty pleas. On June 15, 2010, the lower court denied Kreider's PCRA petition without a hearing.

Kreider did not appeal the order denying his first PCRA petition, but on June 30, 2010, he appealed the order denying his petition for leave to withdraw his guilty plea *nunc pro tunc*. This Court docketed his appeal at 1129 MDA 2010.

While this appeal was pending, Kreider filed a second PCRA petition in the lower court contending that his life sentence was unconstitutional because he was a juvenile. On July 13, 2010, the lower court stayed proceedings on the second PCRA petition pending resolution of the appeal at 1129 MDA 2010. On August 24, 2010, Kreider discontinued his appeal at 1129 MDA 2010.

On October 14, 2010, the lower court issued a notice of intent to dismiss Kreider's second PCRA petition without a hearing. On November 3,

- 2 -

2010, the lower court issued an order and opinion denying the second PCRA petition without a hearing. Kreider appealed to this Court at 356 MDA 2011.

On December 20, 2010, Kreider filed another *nunc pro tunc* motion to withdraw his guilty pleas. The lower court stayed its determination of this motion pending completion of the appeal at 356 MDA 2011.

On June 29, 2011, Kreider withdrew his appeal at 356 MDA 2011. On July 6, 2011, the lower court issued an order and opinion deeming the motion to withdraw guilty pleas as a third PCRA petition and notifying Kreider of its intent to dismiss the third PCRA petition without a hearing. Kreider did not file a response to the notice.

On June 25, 2012, the United States Supreme Court held in **Miller v. Alabama**, -- U.S. --, 132 S.Ct. 2455, 2460 (2012), that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." **Id**., 132 S.Ct. at 2460. Thereafter, on August 1, 2012, Kreider filed a fourth PCRA petition in which he requested relief based on **Miller**. The lower Court appointed counsel to represent Kreider, and counsel filed an amended PCRA petition requesting relief under **Miller**.

On October 30, 2013, our Supreme Court held in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa.2013), that **Miller** does not apply retroactively to cases on collateral appeal. On December 6, 2013, the lower Court stayed proceedings on Kreider's fourth PCRA petition pending the United States

Supreme Court's decision on the petition for writ of certiorari in **Cunningham**. On June 9, 2014, the United States Supreme Court denied certiorari in **Cunningham**.

On July 11, 2014, the lower court denied Kreider's fourth PCRA petition. Kreider filed a timely appeal to this Court. On August 6, 2014, without ordering Kreider to file a Pa.R.A.P. 1925(b) statement, the lower court filed its Pa.R.A.P. 1925(a) opinion.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa.Super.2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**.

We first examine whether Kreider's fourth PCRA petition is timely, because the timeliness of a PCRA petition is a jurisdictional threshold, and we cannot review an untimely PCRA petition. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa.2008). Effective January 16, 1996, the petitioner must file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). An untimely petition may be

reviewed on the merits, however, when the petitioner pleads and proves any of three limited exceptions to the one-year limitation period articulated in 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii)[2]. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In this case, on October 9, 2009, this Court affirmed Kreider's judgment of sentence. Since Kreider did not appeal to our Supreme Court, his judgment of sentence became final on Monday, November 9, 2009, the deadline for filing a petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). Kreider had one year from November 9, 2009 to file a PCRA

_____

[2] These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

petition, or until November 9, 2010. His fourth PCRA petition filed on August 1, 2012 is patently untimely.

The facial untimeliness of Kreider's fourth PCRA petition deprives us of jurisdiction to review the merits of his claims unless one of the three exceptions to the PCRA's time bar applies. Kreider argues that the exception in section 9545(b)(1)(iii) applies – that is, the constitutional right recognized by the United States Supreme Court in **Miller** applies retroactively to this case. As noted above, however, our Supreme Court held in **Cunningham** that **Miller** does not apply retroactively to individuals whose judgments of sentence were final at the time **Miller** was decided. **Cunningham**, **supra**, 81 A.3d at 11. Therefore, Kreider has neither pled nor proven an exception to the PCRA time bar. **See Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008) (without a pled and successfully proven exception to the timebar, this Court is without jurisdiction to address the merits of the arguments raised).

Anticipating that **Cunningham** forecloses his claim for PCRA relief, Kreider argues that **Cunningham** was wrongly decided. As an intermediate appellate court, we must follow the decisions of our Supreme Court. Because our Supreme Court decided in **Cunningham** that **Miller** does not apply retroactively, we cannot reach a contrary result.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2014