J-S33023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSHA CHARLES WILLIAMS | |
| Appellant | No. 1350 WDA 2015 |

Appeal from the PCRA Order August 12, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001615-2006

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED MAY 18, 2016**

Appellant, Rosha Charles Williams, appeals *pro se* from the order entered on August 12, 2015, which dismissed his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2006, the Commonwealth charged Appellant with possession of a controlled substance, possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and driving with a suspended license.[1]  Appellant was found guilty of these charges and, on May 24, 2007, Appellant was sentenced to serve an aggregate term of three to eight years in prison.  On August 4, 2010, an *en banc* panel of this Court affirmed

_____

[1] 35 P.S. § 780-113(a)(16), (30), and (32), and 75 Pa.C.S.A. § 1543(a), respectively.

*Former Justice specially assigned to the Superior Court.

Appellant's judgment of sentence and, on March 29, 2011, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Williams*, 2 A.3d 611 (Pa. Super. 2010) (*en banc*), *appeal denied*, 19 A.3d 1051 (Pa. 2011).

On April 29, 2011, Appellant filed his first PCRA petition. Following the appointment of counsel, the PCRA court denied Appellant's petition on October 28, 2011. This Court affirmed the PCRA court's order on May 17, 2012. *Commonwealth v. Williams*, 50 A.3d 244 (Pa. Super. 2012) (unpublished memorandum).

In the ensuing years, Appellant filed multiple *pro se* papers in the court of common pleas, along with (at least) two additional *pro se* PCRA petitions. All of Appellant's attempts for relief were denied.

On April 16, 2015, Appellant filed the current PCRA petition in the court of common pleas. On April 29, 2015, the PCRA court provided Appellant with notice that it intended to dismiss the PCRA petition, as it was untimely and Appellant failed to plead any exception to the PCRA's one-year time-bar. PCRA Court Order, 4/29/15, at 1. The PCRA court finally dismissed Appellant's fourth PCRA petition on August 12, 2015. PCRA Court Order, 8/12/15, at 1.

Appellant filed a timely, *pro se* notice of appeal from the PCRA court's August 12, 2015 order. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 2011, when his time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** U.S.Sup.Ct.R. 13(1). As Appellant did not file his current petition until April 16, 2015, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not properly plead any exception to the PCRA's one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's fourth PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016

- 4 -