J-S28001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEY C. ROBERTSON | : | |
| | : | |
| Appellant | : | No. 1706 MDA 2017 |

Appeal from the PCRA Order October 17, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001791-2002

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 15, 2018**

Appellant, Jamey C. Robertson, appeals *pro se* from the order entered on October 17, 2017, dismissing his fourth petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

As we have explained:

> On October 17, 1999, Appellant entered a pizza shop, demanded money, and repeatedly stabbed an employee.  A jury convicted Appellant on August 7, 2003, of criminal attempt – homicide, aggravated assault, robbery, possessing an instrument of crime, and recklessly endangering another person.  The [trial] court sentenced Appellant on September 17, 2003, to an aggregate term of [30 to 60] years' imprisonment.  This Court affirmed the judgment of sentence on April 26, 2005 [and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court]. ***See Commonwealth v. Robertson***, 874 A.2d 1200 (Pa. Super. 2005).
>
> Appellant timely filed his first PCRA petition. . . .  The PCRA court appointed counsel, who filed several amended petitions. . . .  [T]he PCRA court denied Appellant's petition

on June 30, 2008. This Court affirmed on September 16, 2009, and our Supreme Court denied allowance of appeal on April 12, 2010. **See Commonwealth v. Robertson**, 986 A.2d 1263 (Pa. Super. 2009) [(unpublished memorandum) at 1-8, *appeal denied*, 992 A.2d 888 (Pa. 2010)].

**Commonwealth v. Robertson**, 151 A.3d 1146 (Pa. Super. 2016) (unpublished memorandum) at 1-5.

On March 9, 2015, Appellant filed his second PCRA petition. The PCRA court dismissed the petition on April 21, 2015 and this Court affirmed the PCRA court's order on May 13, 2016. **Id.**

On February 21, 2017, Appellant filed an "Amended Petition Pursuant to Pa.Crim.R.P. Rule 905." The petition, which constitutes Appellant's third PCRA petition, declared that Appellant was entitled to relief because he was serving an illegal sentence. **See** Appellant's Third PCRA Petition, 2/21/17, at 2. The PCRA court summarily dismissed Appellant's third PCRA petition on March 28, 2017. PCRA Court Order, 3/28/17, at 1. The docket does not indicate that Appellant filed a notice of appeal from this order.

Appellant filed the current PCRA petition on June 12, 2017; the petition is Appellant's fourth petition for post-conviction collateral relief. Appellant's Fourth PCRA Petition, 6/12/17, at 1-3.

On September 6, 2017, the PCRA provided Appellant with notice that it intended to dismiss the petition in 20 days, without holding a hearing. PCRA Court Order, 9/6/17, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on October 17, 2017 and Appellant filed

a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Appellant's judgment of sentence became final in 2005. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"). The PCRA

explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Since Appellant filed his current petition on June 12, 2017, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant has not pleaded any exception to the PCRA's time-bar. Therefore, our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's fourth PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2018

- 4 -