J-S59021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRUCE R. MARCONI :
:
Appellant : No. 2937 EDA 2017

Appeal from the PCRA Order August 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007549-2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 10, 2018**

Bruce R. Marconi appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546 We affirm.

On April 23, 2012, following a non-jury trial, Marconi was convicted of aggravated assault, possession of an instrument of crime, simple assault and reckless endangerment of another person.  On December 11, 2012, the court sentenced Marconi to an aggregate term of imprisonment of 4 to 10 years, followed by 10 years of reporting probation.  No post-sentence motions or direct appeal were filed.

On May 29, 2015, Marconi filed a *pro se* PCRA petition.  Counsel was appointed and an amended petition was filed. The PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss, informing Marconi his petition

was untimely. Marconi did not respond to this notice and, on August 14, 2017, the PCRA court dismissed his petition as untimely.[1] This appeal followed.

On appeal, Marconi acknowledges his petition was patently untimely, but argues that the PCRA court erred in dismissing his petition because his sentence is illegal. This claim is meritless.

"If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011), quoting *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008). With respect to legality of sentence claims, our courts have held that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999), citing *Commonwealth v. Chester*, 733 A.2d 1242 (Pa. 1999).

Marconi has failed to allege any exception to the one-year time requirement of the PCRA, *see* 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii), and therefore the PCRA court was without jurisdiction to consider the merits of his petition. *Fahy*, *supra*. This one-year time bar is mandatory, meaning courts

---

[1] Section 9545 of the PCRA requires all petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545. Marconi was sentenced on December 11, 2012. He did not seek direct review, so his judgment of sentence became final on or about January 11, 2013. Marconi had one year, until January 11, 2014, to file a timely petition.

- 2 -

have "no authority to extend filing periods except as the statute permits." **Id.** at 222.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18