**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 714 EDA 2023 |

Appeal from the PCRA Order Entered March 3, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0502681-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 715 EDA 2023 |

Appeal from the PCRA Order Entered March 3, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0802311-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 716 EDA 2023 |

Appeal from the PCRA Order Entered March 3, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0707651-2004

J-S16014-24

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 10, 2024**

Appellant, Otis Wilkerson, appeals from the March 3, 2023 order entered in the Court of Common Pleas of Philadelphia County denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background are not at issue.  The trial court summarized them as follows:

> Between 2002 and 2004, Appellant was arrested and charged with drug-related offenses in three (3) separate cases (hereinafter "the drug cases").  He subsequently entered three (3) separate counseled open guilty pleas before the Honorable Chris R. Wogan. On June 16, 2004, Appellant pled guilty to one (1) count of Possession with Intent to Distribute (PWID), at No. CP-51-0502681-2003. On September 24, 2004, Appellant pled guilty to one (1) count of PWID and Criminal Conspiracy, at No. CP-51-0802311-2004. On November 16, 2004, Appellant pled guilty to one (1) count of PWID, at No. CP-51-0707651-2004. These three (3) cases were consolidated for sentencing purposes. On November 16, 2004, the trial court sentenced Appellant to an aggregate term of nine (9) to twenty-three (23) months of confinement, followed by eight (8) years of probation.
>
> Between 2006 and 2008, Appellant was charged with rape and other offenses in three (3) separate cases (hereinafter "the rape cases"). On February 28, 2011, in a consolidated hearing, Appellant entered open guilty pleas to three (3) counts of Rape, two (2) counts of Robbery, two (2) counts of Possessing Instruments of Crime, two (2) counts of Unlawful Restraint, and one (1) count of Involuntary Deviate Sexual Intercourse before the Honorable Harold M. Kane. On June 7, 2011, Judge Kane sentenced Appellant to aggregate term of forty (40) to eighty (80)

[*] Former Justice specially assigned to the Superior Court.

- 2 -

years of confinement for the rape cases. On June 10, 2011, Judge Wogan conducted a consolidated violation of probation ("VOP") hearing and found Appellant in violation of his probation on the drug cases. Judge Wogan imposed a VOP sentence on Appellant of twenty-seven (27) to fifty-four (54) years of confinement, to run consecutively to the sentences imposed in the rape cases.

Trial Court Opinion, 7/18/2024, at 1-2.

Appellant filed a *pro se* motion for reconsideration of his VOP sentence. The trial court denied the motion due to Appellant and his counsel's failure to attend the hearing. Appellant did not appeal the VOP sentence.

On April 30, 2012, Appellant filed a timely *pro se* PCRA petition. Thereafter, Appellant filed a counseled amended petition seeking reinstatement of his direct appeal rights. Additionally, he filed a supplemental amended petition seeking withdrawal of the guilty pleas in the drug cases due to newly discovered evidence of a corrupt Philadelphia Police Officers.[1] A hearing was held on November 16, 2016, wherein the PCRA court found that Appellant was not eligible for relief on the basis of newly discovered evidence. N.T. PCRA Hearing, 11/14/2016, at 61-62. Moreover, the PCRA court found the officer in question had only been minimally involved in Appellant's drug cases. *Id.* Subsequently, the Court denied Appellant's PCRA petition. *Id.* at 62; N.T. PCRA Hearing, 11/28/2016, at 4-5. Appellant appealed, and this Court affirmed the denial of Appellant's PCRA petition on April 20, 2018.

---

[1] Officers Perry Betts and Jeffrey Walker were federally charged regarding allegations that they conspired to rob drug dealers and traffic in stolen contraband. Perry Betts also was accused of lying about alleged suspects and facts of investigations.

Appellant then filed a Writ of Habeas Corpus with the United States District Court for the Eastern District of Pennsylvania. The Writ was granted and CP-51-CR-0502681-2003 was remanded to Philadelphia Court of Common Pleas for further proceedings. On June 29, 2021, the PCRA court issued an order stating that the sentence at Docket CP-51-CR-0502681-2003 had been completed and that there was no violation of probation. The PCRA court only vacated the June 10, 2011 VOP sentence on Docket CP-51-CR-0502681-2003. No further action was taken by the PCRA court regarding Dockets CP-51-CR-0802311-2004 and CP-51-CR-0707651-2004. Appellant filed a motion for reconsideration on June 16, 2011, which was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). No direct appeal was filed.

Appellant filed a second *pro se* PCRA petition on September 2, 2021. Appellant filed a counseled amended PCRA petition on January 18, 2022, in which he raised a claim of ineffective assistance of counsel and asserted he was eligible for relief based on after-discovered evidence of the corrupt officer which would have changed the outcome of his case. On March 3, 2023, the PCRA court dismissed Appellant's petition because it was facially untimely, and Appellant failed to plead an exception to the timeliness requirement. This instant appeal followed. Appellant now raises the following issue for our review:

> Did the PCRA court err, abuse its discretion, and/or make a mistake and/or error of law when it denied, his Post-Conviction Relief Act petition seeking relief, without an evidentiary hearing,

when the Appellant claimed he received ineffective assistance of counsel, as he was improperly induced and did not knowingly, willingly, and voluntarily enter into guilty pleas, and received a resultant probation of violation sentence, based on newly discovered evidence demonstrating Perry Betts, Jeffery Walker, and other convicted, fired, and/or "Do Not Call List" police officers tainted his matters, by not allowing Appellant to withdraw his guilty plea, vacating his violation of probation sentences, and remanding this matter for trial?

Appellant's Brief at 2.

We review an order denying a petition for relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016). On appeal, we review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). This Court may affirm a PCRA's court's decision on any ground that is supported by the record. **Id.** Where the petitioner raises questions of law, our standard of review is de novo, and our scope of review is plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

Under the PCRA, Appellant must move for post-conviction relief within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). However, the one-year limitation

period does not apply when the Appellant pleads and proves any of the following exceptions:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA time limitations are jurisdictional; therefore, this Court must analyze the timeliness of Appellant's petition before it can reach the merits of the claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "Any petition invoking an exception [to the timeliness requirement] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Regarding Docket CP-51-CR-0502681-2003, Appellant has completed his sentence. Indeed, the trial court imposed 9 to 23 months sentence of

imprisonment, followed by 3 years of probation, on November 16, 2004. Thus, the maximum sentence would have been completed in October 2009. The VOP hearing was not until June 10, 2011. Thus, by the time the VOP hearing took place, Appellant was no longer serving a sentence. Accordingly, Appellant is not entitled to PCRA relief on that docket. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **see also Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997) (petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed).

Regarding CP-51-CR-0802311-2004 and CP-51-CR-0707651-2004, Appellant's sentence was imposed on June 10, 2011, not June 29, 2021, as Appellant asserts. As there was no direct appeal from that sentence, the judgment of sentence became final as of July 10, 2011, when the time to file a direct appeal expired. Appellant did not file the instant PCRA petition until September 2, 2021. Since this petition is facially untimely, Appellant must plead and prove one of the timeliness exceptions under the PCRA.

Appellant failed to plead or prove any of the foregoing exceptions. Moreover, even if Appellant was able to plead and prove a timeliness exception, the PCRA court did not err in dismissing Appellant's petition without a hearing because all issues raised were previously litigated in Appellant's first PCRA petition that was denied on November 28, 2016. As such, Appellant is not eligible for relief. **See** 42 Pa.C.S.A. § 9543(a)(3); **Commonwealth v. Travaglia**, 661 A.2d 352, 356 (Pa. 1995).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/10/2024