**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 1556 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0510891-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 1557 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0808421-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 1558 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009610-2015

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 10, 2024**

Appellant, Otis Wilkerson, *pro se*, appeals from the February 2, 2023 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background is not at issue here.  The trial court aptly summarized it as follows:

> On February 28, 2011, [Appellant] pled guilty on CP-51-CR-0510891-2006 and CP-51-CR-0808421-2006, which was vacated by the Superior Court on November 14, 2013, and eventually remanded for a new trial. On November 17, 2015, during jury selection, [Appellant] pled guilty to involuntary deviate sexual intercourse, robbery, rape, indecent assault, aggravated assault, and unlawful contact with a minor across the three consolidated cases. On the same day, [the trial court] sentenced [Appellant] to an aggregate sentence of 35 to 70 years of incarceration. On November 30, 2015, [Appellant] filed a Motion to Withdraw Pleas, which was denied by operation of law on April 12, 2016. [Appellant] appealed the judgements of sentence, and the Superior Court affirmed on March 27,2018.
>
> On April 30, 2018, [Appellant] filed a *pro se* petition under the PCRA with an amended petition filed on September 18, 2018. Pursuant to the Commonwealth's Motion to Dismiss, on March 15, 2019, [the PCRA court] dismissed the petition by a Rule 907 Notice. [Appellant] appealed, and the dismissal was affirmed by the Superior Court on September 14, 2020. [Appellant's] appeal was denied review by the Pennsylvania Supreme Court on February 23, 2021.
>
> On April 12, 2022, [Appellant] filed a second *pro se* petition under the PCRA, the petition at issue, with an amended petition on July 19, 2022, and a supplemental petition on September 13, 2022.

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant] asserted it was timely because of the granted stay by the federal court. [The PCRA court] filed a Rule 907 notice on December 19, 2022, informing [Appellant] that his PCRA petition for relief was untimely filed. The PCRA petition was formally dismissed on February 2, 2023.

Trial Court Opinion, 02/02/23, at 1-2 (citations to record omitted). This instant appeal followed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. Appellant now raises the following issue for our review:

Did the PCRA Court err, abuse its discretion, and/or make a mistake and/or error of law when it denied, Appellant's Post Conviction Relief Act Petition, as untimely, for failure to raise any of the three exceptions to the time-bar. Where Appellant has filed his PCRA Petition within a year of the resolution of review of the pending initial PCRA Petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. Where Appellant filed his second petition because he was denied his rule-based right to effective PCRA counsel during his initial review, for failure to raise claims in Appellant's initial *pro se* petition, and *pro se* response to the PCRA court's Rule 907 notice, regarding several claims of both plea and direct appeal counsel's ineffectiveness.

Appellant's Brief at 4 (cleaned up).

We review an order denying a petition for relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). On appeal, we review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). This Court may affirm a PCRA's court's decision on any ground supported by the record. *Id.* Where the petitioner raises questions of law, our standard of

- 3 -

review is *de novo* and our scope of review is plenary. ***Commonwealth v. Mallory***, 941 A.2d 686, 694 (Pa. 2008).

Under the PCRA, Appellant must move for post-conviction relief within one year of when the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final under the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant filed a direct appeal, which was affirmed by this Court on March 27, 2018. Appellant did not seek review with the Supreme Court of Pennsylvania. Therefore, his sentence became final on April 26, 2018, upon expiration of the time to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Consequently, Appellant had until April 26, 2019, to file a timely PCRA. Appellant's instant PCRA petition was not filed until April 12, 2022. Therefore, his petition is facially untimely. However, the one-year limitation period does not apply if the Appellant pleads and proves any of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA time limitations are jurisdictional; therefore, this Court must analyze the timeliness of Appellant's petition before it can reach the merits of the claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "Any petition invoking an exception [to the timeliness requirement] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

In the underlying PCRA petition, his *second*, Appellant is attempting to challenge the effectiveness of counsel on his *first* PCRA petition, claiming that the PCRA court never addressed the first PCRA counsel's ineffectiveness despite being raised in response to the PCRA court's filing of its Rule 907 notice regarding his *first* PCRA petition.[1]

---

[1] In response to the PCRA court's Rule 907 dismissal of Appellant's first PCRA petition, he asserted that PCRA counsel was ineffective for failing to raise ineffectiveness of trial counsel for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600 (speedy trial). *See* Response to Rule 907 Dismissal Notice, 4/11/19, ¶ 5.

- 5 -

We construe Appellant's claim to be one under **Bradley**[2] which held that a second or subsequent PCRA petition will not be considered a prohibited serial petition if a petitioner raises an ineffective counsel claim at the first opportunity to do so after denial of relief on the first petition, even if the first time is on appeal.

However, this argument is unavailing as a claim under **Bradley** must be raised in a *timely* PCRA petition. **See**, **e.g.**, **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023). Additionally, the decision in **Bradley** does not provide an exception to the PCRA's time bar. **Id. See also Commonwealth v. Ridgeway**, 2024 WL 2018986, at *3 (Pa. Super. filed May 7, 2024) (unpublished memorandum) (same); **Commonwealth v. Thomas**, 2023 WL 5014630, at *3 (Pa. Super. filed August 3, 2023) (unpublished memorandum) (same).[3]

As noted above, the instant appeal involves Appellant's second PCRA petition, which was untimely filed. Accordingly, Appellant's reliance on **Bradley** is misplaced.

Because the petition is facially untimely and Appellant failed to prove any exception to the time-bar, this Court lacks jurisdiction to address the

---

[2] **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021).

[3] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

merits. Therefore, the PCRA court did not err in denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/10/2024