J-S47025-25

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMEL S. FORD | : | |
| | : | |
| Appellant | : | No. 916 EDA 2025 |

Appeal from the PCRA Order Entered March 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005080-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMEL S. FORD | : | |
| | : | |
| Appellant | : | No. 917 EDA 2025 |

Appeal from the PCRA Order Entered March 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005081-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMEL S. FORD | : | |
| | : | |
| Appellant | : | No. 918 EDA 2025 |

Appeal from the PCRA Order Entered March 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005082-2007

J-S47025-25

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
                                 :
JAMEL FORD                       :
                                 :
            Appellant            :     No. 919 EDA 2025

Appeal from the PCRA Order Entered March 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002100-2008

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                          **FILED MARCH 17, 2026**

Appellant, Jamel Ford, appeals *pro se* from the order entered on March 14, 2025, which dismissed his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously summarized the relevant facts and procedural posture of this case:

> A jury convicted [Appellant] of first-degree murder, possessing an instrument of crime, attempted murder, two counts of aggravated assault, two counts of witness intimidation, solicitation-murder, and conspiracy-murder at the above four trial dockets. In 2009, the trial court sentenced [Appellant] to an aggregate term of life plus seventy-two-and-one-half to one hundred forty-five years of imprisonment. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal [on May 3, 2011]. ***See Commonwealth v. Ford***, 15 A.3d 542 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 38 A.3d 823 (Pa. 2011). . . .
>
> [Appellant] filed a timely first PCRA petition. The PCRA court appointed counsel and subsequently denied relief without a hearing. This Court affirmed the denial of PCRA relief, and

- 2 -

our Supreme Court denied allowance of appeal. ***See Commonwealth v. Ford***, 159 A.3d 996 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 173 A.3d 264 (Pa. 2017). . . .

In September 2020, [Appellant] filed a *pro se* letter in the trial court asserting that the assistant district attorney who prosecuted him ("the prosecutor") had altered the trial transcripts. . . . The PCRA court determined that [Appellant's] September 2020 letter constituted a second PCRA petition and, [on November 16, 2021, the] . . . PCRA court dismissed [Appellant's] petition.

***Commonwealth v. Ford***, 292 A.3d 1112 (Pa. Super. 2023) (non-precedential decision). On January 20, 2023, this Court affirmed the dismissal of Appellant's second PCRA petition. ***See id.***

Appellant filed the current PCRA petition – his third – on January 19, 2024. Within the petition, Appellant raised two claims: 1) his sentence violates ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and 2) "[t]he trial court failed to turn over the trial transcripts to [Appellant] . . . [and, thus, Appellant] could not have prepared a meaningful direct appeal." Appellant's Third PCRA Petition, 1/19/24, at 4. Appellant acknowledged that the petition was filed outside of the PCRA's one-year time-bar and, thus, is facially untimely. ***See id.*** at 7. Appellant, however, claimed that his petition satisfies the newly-discovered fact exception to the PCRA's time-bar. ***See id.***; ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Appellant attached a letter from Samuel C. Stretton, Esq. ("Attorney Stretton"), who was the attorney for Appellant's co-defendant, Terrell Bowens. In the letter, Attorney Stretton wrote:

> Dear [Appellant]:
>
> I received your letter on June 27th, 2022. As I told you, my recollection of the case where I represented Terrell Bowens, that there was an outburst in the courtroom by I believe the victims' family. I objected to it and asked for a mistrial. Sorry for the delay in getting you this letter but that is my recollection. The victims' family, if I recall, became very upset during the testimony of I forget who, whether it was the autopsy photos or some of the alleged facts. But there was a very serious outburst in the courtroom and I objected.

Letter from Attorney Stretton to Appellant, dated 6/29/22, at 1.

Appellant and Terrell Bowens were tried together. *See* N.T. Trial, 1/21/09-2/10/09. Yet, according to Appellant, the notes of testimony he received from his trial do not reflect the above "outburst" that Attorney Stretton recounted. *See* Appellant's Third PCRA Petition 1/19/24, at 9. Therefore, according to Appellant, since a "crucial portion of the transcriptions [was] missing, it was impossible for the court to render an effective [appellate] review" of his claims. *Id.*[1]

The PCRA court dismissed Appellant's third petition on March 14, 2025 and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

---

[1] On February 25, 2026, Appellant filed a Motion to Compel Compliance in which he seeks an order directing the trial court to supplement the record to include the portion of the transcript reflecting Attorney Stretton's recollection. Based upon our decision, we deny the motion.

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

We affirmed Appellant's judgment of sentence on October 26, 2010 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 3, 2011. *Commonwealth v. Ford*, 15 A.3d 542 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 38 A.3d 823 (Pa. 2011). Thus, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on August 1, 2011, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("[a]

- 5 -

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* U.S.Sup.Ct.R. 13.1.

Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until August 1, 2012 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's current petition, which was filed on January 19, 2024, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly discovered fact" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
>
> . . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Regarding the newly discovered fact exception, our Supreme Court has explained:

> subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke this exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *See Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

As Appellant claims, he recently received a letter from Attorney Stretton, where Attorney Stretton recalled an outburst at Appellant's trial that was not transcribed in the notes of testimony. According to Appellant, this

constitutes a newly-discovered fact and renders his third PCRA petition timely. *See* Appellant's Brief at 7-8.

Appellant's claim immediately fails, as Appellant was in the courtroom when the alleged outburst occurred and, thus, Appellant would have known that the outburst was not transcribed as soon as he received the notes of testimony. *See Commonwealth v. Rivera*, 324 A.3d 452, 468 (Pa. 2024) ("[t]he plain language of Section 9545(b)(1)(ii) . . . makes clear that a petitioner must plead and prove that 'the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence'"). Therefore, since Attorney Stretton's letter does not state a previously unknown fact, Appellant's claim on appeal fails.

We conclude that, since Appellant failed to plead a valid exception to the PCRA's time-bar, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's third PCRA petition without a hearing.

Order affirmed. Motion to Compel denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/17/2026</u>